FILED'08 JUL 02 0922USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | No.  CR 06-30022-PA |
| ) | CV 08-70004-PA |
| v. ) | |
| ) | ORDER REGARDING 28 U.S.C. |
| TINA HOLBROOK, ) | § 2255 MOTION |
| ) | |
| Defendant. ) | |

**PANNER, J.**

In March 2007, Tina Holbrook was sentenced to 87 months in prison for possession with intent to distribute 50 or more grams of actual methamphetamine. In January 2008, Holbrook filed this 28 U.S.C. § 2255 motion.

### Knowing and Voluntary Plea

Holbrook contends her guilty plea was not knowing and voluntary. A guilty plea operates as a waiver of important rights, and is valid only if done voluntarily, knowingly, and intelligently, "with sufficient awareness of the relevant circumstances and likely consequences." Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005) (quoting Brady v. United States, 397 U.S. 742, 748 (1970)).

1 - ORDER REGARDING 28 U.S.C. § 2255 MOTION

At the plea hearing, Holbrook admitted she was in the car containing the methamphetamine, she knew the drugs were in the car, and she intended to distribute the drugs. At trial, the government was prepared to offer evidence that Holbrook admitted purchasing the drugs, and that she had bought and sold substantial quantities of methamphetamine on multiple occasions. Illegal drugs, and drug dealing supplies, were found in her home. If the case against Holbrook had proceeded to trial, it is highly probable that she would have been convicted not only on the count she pled guilty to, but on additional counts as well, and she would now be serving a significantly longer sentence.

The record also reflects that Holbrook initially expressed uncertainty about whether to plead guilty. The court recessed the proceedings and appointed another attorney so Holbrook could obtain a second opinion. Only when Holbrook was satisfied with her decision did the court permit her to enter a guilty plea.

Holbrook contends she didn't know the length of the sentence she was facing. Before accepting her guilty plea, the court advised Holbrook of the maximum sentence that could be imposed, and the mandatory minimum sentence. The same information is in the plea petition Holbrook signed, after assuring the court she had discussed the contents of that document with her attorney and understood it. Holbrook also reviewed the Presentence Report (PSR) prior to sentencing, but did not inform the court that she believed the recommended sentence was greater than contemplated

2 - ORDER REGARDING 28 U.S.C. § 2255 MOTION

in the plea bargain. The actual sentence imposed on Holbrook was lower than the PSR had recommended.

Following her arrest, Holbrook was confronted with two grim choices. She could plead guilty and go to prison, or risk a longer prison sentence by proceeding to trial with little prospect for acquittal. She chose the guilty plea. Nothing in the record suggests that Holbrook's plea was not made knowingly, voluntarily, and intelligently. She may not have liked the consequences of her plea, but she understood them.

### Ineffective Assistance of Counsel

The petition asserts that following sentencing, Holbrook asked her court-appointed attorney to file an appeal. He allegedly refused, saying there was nothing to appeal. Ten months later, Holbrook filed this petition. Holbrook also contends the attorney "was so ineffective that never help me in the process of my case . . . ."

1. Failure to File Notice of Appeal

On July 1, 2008, the court held an evidentiary hearing. From the testimony at the hearing, it is clear that Holbrook and her attorney had discussed whether an appeal was warranted. He told Holbrook he saw no potentially meritorious grounds for appeal. Holbrook accepted that recommendation. Ten months later, she filed this § 2255 petition.

Counsel in a criminal case has a constitutionally imposed duty to consult with the defendant about an appeal when there is

3 - ORDER REGARDING 28 U.S.C. § 2255 MOTION

reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000).

Holbrook's attorney did exactly what he was supposed to do. Counsel discussed the issue with Holbrook, and correctly advised her that he saw no colorable basis for an appeal. In addition, the plea petition waived Holbrook's right to appeal, or to file a § 2255 motion, except on four specified grounds. None of the listed contingencies had occurred. Filing an appeal would have been a futile act. Holbrook recognized that, and she did not ask her attorney to file what would have been a frivolous appeal.

### 2. Other Ineffective Assistance Arguments

To establish an ineffective assistance claim, Holbrook must prove (1) her counsel's "representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different[.]" Strickland v. Washington, 466 U.S. 668, 687-94 (1984).

Holbrook was facing a mandatory sentence of at least 120 months in prison. At sentencing, the government recommended, and the court agreed, that Holbrook be given the benefit of the "safety valve" provision. This gave the court discretion to impose a sentence shorter than 120 months. The government also

4 - ORDER REGARDING 28 U.S.C. § 2255 MOTION

recommended, and the court elected to impose, a sentence at the low end of the applicable Sentencing Guidelines range. Consequently, Holbrook received a sentence of 87 months instead of at least 120 months. It is unclear what more Holbrook expected her lawyer to achieve.

**Breach of Plea Agreement**

Holbrook argues that the government somehow breached the plea agreement, but she never really explains how. She appears to be confused about the language in the agreement which explains that the court is not bound by the government's recommended sentence, and will make an independent determination. That language does not mean the government is prohibited from making a recommendation to the court at sentencing.

At sentencing, the government recommended that Holbrook receive the benefit of the safety valve and the low end of the guideline range. Both recommendations were to Holbrook's advantage. Consistent with the terms of the plea agreement, the government also recommended that she receive the 3-level credit for acceptance of responsibility. The parties also stipulated to the amount of drugs for purposes of the relevant conduct computation. Again, the stipulation favored Holbrook. The record suggests the government may have been able to show Holbrook was responsible for an even larger quantity of drugs than the amount in the stipulation. This would have resulted in an even longer sentence.

5 - ORDER REGARDING 28 U.S.C. § 2255 MOTION

Holbrook contends this court improperly relied on the Sentencing Guidelines. Though no longer binding, the Guidelines continue to be the appropriate starting point for establishing the proper sentence. <u>Gall v. United States</u>, ___ U.S. ___, 128 S. Ct. 586, 596 (2007). The court considered all of the factors listed in 18 U.S.C. § 3553(a), and concluded that a sentence within the guideline range was appropriate.

### Conclusion

Holbrook's motion (# 72) for relief under 28 U.S.C. § 2255 is denied.

IT IS SO ORDERED.

DATED this 2nd day of July, 2008.

*/s/ Owen M. Panner*
OWEN M. PANNER
U.S. DISTRICT JUDGE